**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEI XIE,<br><br>    Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No.    18-73143<br><br>Agency No. A206-543-158<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]
Honolulu, Hawaii

Before:  OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Wei Xie, a native and citizen of China, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of

an immigration judge ("IJ") denying his application for asylum and withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal.[1]  Xie contends that his wife was forced to obtain an abortion by Chinese authorities when she was more than six months pregnant with twins, and that Xie was beaten and arrested by those authorities for attempting stop the procedure.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's adverse credibility determination.  *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (describing standard of review).  The agency identified several reasonable concerns with the "inherent plausibility" of Xie's account.  8 U.S.C. § 1158(b)(1)(B)(iii).  These included: (1) doubts about why Xie and his wife would choose to hide from authorities and their shared employer in the home of a relative who worked for the same employer, with Xie continuing to commute to work in a company shuttle that picked him up and dropped him off at this home; (2) skepticism about the likelihood that the couple would travel for leisure out of the country while Xie's wife was allegedly five months pregnant and trying to hide the pregnancy from the authorities; and (3) the absence of "any particular plan" for the birth despite her having seen a private doctor, which the agency found implausible given the advanced stage of the pregnancy, the fact that the couple were expecting twins, and the fact that Xie's wife was in her early forties.

---

[1]  Xie also applied for protection under the Convention Against Torture ("CAT"), but his petition for review does not challenge the agency's denial of CAT protection.

Although it is sometimes difficult to draw the line "between an IJ's legitimate application of common sense, on the one hand, and an IJ's [impermissible] reliance on speculation or conjecture in determining that a fact alleged by a petitioner is implausible on the other," *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (internal quotation marks omitted), in this case we conclude the agency legitimately relied upon common sense and record-based reasons why Xie's account was inherently implausible. Because "we must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence," and the evidence does not compel a conclusion contrary to the agency's regarding the inherent plausibility of Xie's account, we cannot disturb the agency's adverse credibility determination. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).[2]

Once the adverse credibility determination is upheld, Xie's claims for asylum and withholding of removal fail. Absent Xie's discredited testimony, we cannot conclude that the record compels a finding either that Xie suffered past

---

[2] Although "lack of corroboration" was another of the grounds for the agency's decision, we conclude that the agency's "non-corroboration grounds for the adverse credibility determination" are "supported by substantial evidence," and we therefore need not decide whether the IJ provided adequate "notice of the specific corroborative evidence that was required and an opportunity to provide it or explain why [Xie] cannot reasonably obtain it." *Bhattarai*, 835 F.3d at 1043. We acknowledge that lack of corroboration was a significant point of emphasis in the IJ's reasoning. But we conclude that the BIA properly extracted sufficient non-corroboration grounds from the IJ's decision.

persecution or that he has a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b) (asylum); *id.* § 1208.16(b) (withholding of removal).

**PETITION DENIED.**